KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Joseph Lallande,<br><br>            Petitioner,<br><br>v.<br><br>Paul Penzone,<br><br>           Respondent. | No.   CV 21-01766-PHX-MTL (DMF)<br><br>**ORDER** |

On October 18, 2021, Petitioner Thomas Joseph Lallande, who is confined in a Maricopa County Jail, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will grant the Application to Proceed and dismiss the Petition and this action.

**I.     Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*. *See* LRCiv 3.5(c).

**II.    Petition**

Petitioner claims he is wrongfully detained and challenges his arrests and criminal proceedings related to Maricopa County Superior Court cases CR 2020-000414, CR 2020-143488, and CR 2021-000613. Petitioner claims he was subjected to illegal searches and seizures (Ground One); has been denied due process through the trial court's abuse of discretion and prosecutorial misconduct (Ground Two); has been denied equal protection

of the law due to racial animus (Ground Three); and has been denied a speedy trial (Ground Four).  Petitioner seeks immediate release from custody.

**III.    Abstention**

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.  Absent special circumstances, such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown," a federal court will not entertain a pretrial habeas corpus petition.  *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."  *Id.* at 83-84 (quoting *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).  *Younger* abstention is appropriate where: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the petitioner's federal constitutional claims.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Petitioner's criminal proceedings are ongoing and his claims implicate the State's interests in preserving the order and integrity of its criminal proceedings, *see Kelly v. Robinson*, 479 U.S. 36, (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); and in securing the appearance of criminal defendants at trial.  Further, Petitioner has adequate opportunity to litigate his constitutional claims in his state proceedings.  *See Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 394 (2d Cir. 1995) ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger*

purposes.").

Finally, Petitioner has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84.  Accordingly, abstention is appropriate in this case and the Court will dismiss this action without prejudice.

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) Petitioner's Petition Under § 2241 for a Writ of Habeas Corpus (Doc. 1), and this case are **dismissed without prejudice**.

(3) The Clerk of Court must enter judgment accordingly and close this case.

(4) To the extent Petitioner challenges detention arising out of process issued by a State court, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) ("a state prisoner who is proceeding under § 2241 must obtain a COA under § 2253(c)(1)(A) in order to challenge process issued by a state court").

Dated this 27th day of October, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge